United States District Court
Southern District of Texas
**ENTERED**
December 14, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOSE LUIS RODRIGUEZ REYES, § § Plaintiff. § § VS. § JOEL CARL VANMATRE, ET AL., § § Defendants. § | CIVIL ACTION NO. 4:21-CV-01926 |

## ORDER AND OPINION

Pending before me is Plaintiff's Motion for Leave to File Amended Complaint ("Motion for Leave"). *See* Dkt. 4. After reviewing the proposed amended complaint, analyzing the briefing submitted by the parties, and applying the relevant case law, the Motion for Leave is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

This is a civil action for damages sustained as a result of a motor vehicle collision. On May 4, 2021, Plaintiff Jose Luis Rodriguez Reyes ("Reyes") filed suit in the 295th Judicial District Court of Harris County, Texas, against Jose Carl Vanmatre ("Vanmatre") and Renzenberger, Inc. ("Renzenberger"). According to the Original Petition, Reyes's car was stalled on the right lane of I-10 near Sealy, Texas on an unspecified date when he was rear-ended by Vanmatre. Reyes reportedly suffered life-threatening injuries and is unable to speak. At the time of the accident, Vanmatre was reportedly acting in the course and scope of his employment with Renzenberger. The Original Petition asserted claims for negligence against Vanmatre and negligent supervision against Renzenberger.

At 11:24 a.m. on June 11, 2021, Reyes filed a First Amended Petition in the state court case. The only difference between the Original Petition and the First

Amended Petition is that the latter pleading corrected a typographical error in Reyes's name.[1]

At 5:31 p.m. on June 11, 2021, just a few hours after Reyes filed the First Amended Petition, Vanmatre and Renzenberger removed the case to federal court, asserting diversity jurisdiction. Reyes is a Texas citizen. Vanmatre is a Kansas citizen. For diversity purposes, Renzenberger is considered a citizen of the State of Kansas since it is a corporation organized under the laws of the State of Kansas, with its principal place of business in Lenexa, Kansas.

On June 17, 2021, a mere six days after the case was removed from state court to federal court, Reyes filed the Motion for Leave, seeking to file an amended complaint. The proposed amended complaint would add three new defendants to the case and add a cause of action for gross negligence against Vanmatre.[2] The three new defendants would be Webber Commercial Construction, LLC ("Webber"), Gould Industries, LLC ("Gould"), and Koy Concrete Management, LLC ("Koy") (collectively, "proposed defendants"). The parties seem to agree that the proposed defendants are Texas citizens for diversity purposes and that their addition to this lawsuit destroys diversity jurisdiction, requiring the case to be remanded to state court.[3]

---

[1] The Original Petition referred to the plaintiff as Jose Luis Reyes Rodriguez. The First Amended Petition changed the name to Jose Luis Rodriguez Reyes.

[2] Because there is no opposition to Reyes amending his complaint to add a gross negligence claim against Vanmatre, I will allow him to do so.

[3] It is not at all clear to me that the three companies should be considered Texas citizens for diversity purposes. The entities Reyes seeks to add are all limited liability companies. The citizenship of limited liability entities is determined by the citizenship of their members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). The record is silent as to the citizenship of the members of these three entities. Although the proposed amended complaint indicates that the three limited liability companies are licensed to conduct business in the State of Texas, that is completely irrelevant to determining the citizenship of limited liability companies. I will follow the parties' lead

## LEGAL STANDARD

Federal court practitioners are well-aware of the liberal pleading standard that applies when a party seeks to amend a complaint. Indeed, Rule 15(a) specifically provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). With this rule in mind, the United States Supreme Court has held that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although the general rule is that leave to amend a complaint shall be readily allowed, a unique situation arises when a plaintiff seeks to amend a complaint by adding a nondiverse party to a case previously removed to federal court. In such a case, the court's decision to permit the filing of an amended complaint determines whether the case ultimately proceeds in state or federal court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder [and retain jurisdiction], or permit joinder and remand the action to the State court."). Because of the importance such an amendment will have on the forum in which the case is litigated, the Fifth Circuit has held that district courts should "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit identified four factors a district court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the

---

and assume, for the purposes of this opinion, that the proposed defendants are nondiverse. If that turns out to be not the case, I will gladly revisit this opinion.

plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *See id. See also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors."). "The decision to grant leave to amend to add parties that will destroy jurisdiction is within the district court's sound discretion." *Wasiq v. Concentra, Inc.*, No. 4:19-cv-912, 2019 WL 3321894, at *6 (S.D. Tex. May 14, 2019).

## ANALYSIS

To determine whether to allow Reyes to add three new entities whose joinder would destroy diversity jurisdiction, I must carefully consider the well-known *Hensgens* factors.

**Factor 1: Is the primary purpose of the amendment to defeat diversity jurisdiction?** The first *Hensgens* factor requires consideration of "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. This factor "is often deemed the most important, as '[j]urisdiction is not so malleable that Plaintiffs can creatively forum shop through manipulation of the rules.'" *Sanders v. Gen. Motors Corp.*, No. 3:01-CV-1579-M, 2001 WL 1297443, at *3 (N.D. Tex. Oct. 10, 2001). "In analyzing the first *Hensgens* factor, courts take into account considerations such as whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state court suit was filed, whether the plaintiff states a valid claim against the nondiverse defendant, and the timing of the amendment." *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 764, 770 (S.D. Tex. 2016).

Vanmatre and Renzenberger first claim that when the lawsuit was initially filed, Reyes knew or should have known about the identities of the three companies he now seeks to add to the case. At a bare minimum, Vanmatre and Renzenberger argue, Reyes had to be aware of the proposed defendants when he amended his

4

petition in state court on June 11, 2021, a mere six days before he sought leave in federal court to add the proposed defendants. In response, Reyes's counsel contends that Reyes suffered memory loss in the accident giving rise to this lawsuit and has been mostly unable to communicate with anyone, including his lawyers, since the date of the accident. In briefing on the motion for leave to amend, Reyes's counsel states: "As the case was being removed to federal court, Plaintiff began to regain some of his memory and his ability to communicate. . . . Through this process, Plaintiff's counsel was able to learn facts which gave sufficient grounds to seek leave to amend and join the non-diverse Defendants." Dkt. 15 at 17. This unverified, generalized statement is not enough in my book to avoid the clear appearance that the purpose of the amendment is to defeat diversity jurisdiction. Tellingly, there is nothing in the record that explains what information Reyes's counsel learned before deciding to seek leave to add the proposed defendants to the case. Nor is there any indication when, exactly, Reyes's counsel obtained such information. In my view, Reyes's attempt to add three nondiverse parties just days after the case was removed to federal court strongly suggests that he is seeking to destroy diversity jurisdiction. *See Fish Pond Owners Ass'n, Inc. v. LCS-Delaney Venture, LLC*, No. 6:17-CV-00270-RP-JCM, 2018 WL 1833251, at *2 (W.D. Tex. Jan. 23, 2018) ("Courts should be wary when a plaintiff moves to add a non-diverse defendant shortly after removal."); *Gallegos v. Safeco Ins. Co.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (finding that a plaintiff's filing of a motion for leave to amend less than a month after removal evidenced the amendment's principal purpose of defeating jurisdiction).

I must next address whether Reyes has stated a valid or colorable claim against the proposed defendants. *See Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 678 (5th Cir. 1999) (a defendant "has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join"). This analysis is important because when a proposed amendment presents a valid or colorable claim, it is highly unlikely that the

5

primary purpose of the amendment is to destroy diversity jurisdiction. *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991). To determine whether a plaintiff has stated a valid or colorable claim, the Fifth Circuit has instructed district courts to utilize the same standard applied to a motion to dismiss under Rule 12(b)(6). *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, the proposed amended complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The proposed amended complaint also must contain enough facts to state a claim that is "plausible on its face." *Id.* at 570. A claim is facially plausible when it asserts facts that allow the district court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The proposed amended complaint avers that Reyes was on I-10 just outside of Sealy, Texas, when trouble reared its ugly head.

> Plaintiff's vehicle was having engine problems; his vehicle stalled and came to a complete stop in which Plaintiff turned on his emergency flashers and attempted to restart his car. Plaintiff's car started again wherein Plaintiff attempted to move his vehicle into safety but due to the ongoing construction on Interstate 10, there was not a shoulder made available for Plaintiff to maneuver his vehicle safely into. Suddenly and unexpectedly, and without warning, Defendant, Joel Carl Vanmatre, who was also traveling east bound in the right lane of Interstate 10, behind Plaintiff's vehicle, violently struck Plaintiff causing Plaintiff's vehicle to abruptly enter the left lane striking another driver, Yessica Rodriguez-Acosta.

Dkt. 4-1 at 3–4. The proposed amended complaint further contends that, at the time of the accident, Vanmatre was acting in the course and scope of his employment for Renzenberger. Based on these allegations, Reyes attempts to bring claims for negligence and gross negligence against Vanmatre and negligent supervision against Renzenberger.

The proposed amended complaint lists Webber, Gould, and Koy as new defendants. The substantive allegations against the proposed defendants are identical. In total, those allegations are as follows:

> 28. Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.
>
> 29. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard and breach of said duty.
>
> 30. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:
>
>> A. Defendant's failure to exercise reasonable care to avoid a foreseeable risk of injury to others;
>>
>> B. Defendant's failure to prevent injury to others including the public and Plaintiff when it reasonably appeared or should have appeared to Defendant that in the public's and Plaintiff's exercise of their lawful right others, including the Public and Plaintiff, may be injured by a dangerous condition that was created by Defendant.

Dkt. 4-1 at 7, ¶¶ 28–30 (Webber). *See also id.* at 8–9, ¶¶ 31–36 (asserting the same allegations against Gould and Koy). That's it. Nothing more. This boilerplate language fails to shed any light on how the proposed defendants are connected to the tragic car accident at issue in this case. From reading the proposed amended complaint, I am unable to decipher what the proposed defendants did or did not do to cause the alleged collision between Vanmatre and Reyes. Other than the proposed amended complaint's statement that the proposed defendants are limited liability companies, I cannot discern what kind of business they operate or how they are possibly at fault here. Although the parties' briefing in connection with the Motion for Leave indicates that the proposed defendants are construction companies who performed work on I-10, the proposed amended complaint makes no such allegations. And, more importantly, the proposed amended complaint

does not provide *any* facts indicating why the proposed defendants are supposedly at fault for the terrible injuries Reyes incurred in the car accident. In short, the proposed amended complaint fails to state a colorable claim for relief against the proposed defendants. The first *Hensgens* factor thus weighs strongly against allowing the joinder of the proposed defendants.

**Factor 2: Was Reyes dilatory in asking for amendment?** The second *Hensgens* factor analyzes whether the plaintiff was dilatory in seeking leave to amend. *See Hensgens,* 833 F.2d at 1182. "Although courts generally find that a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred, the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Multi–Shot, LLC v. B & T Rentals, Inc.*, No. H–09–3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (cleaned up). That is exactly the situation here. Reyes sought to add three nondiverse parties as defendants a mere six days after removal. What's more, Reyes amended his petition in state court 38 days after filing suit but notably failed to add a single new party. Then, just six days after he filed the amended pleading in state court, Reyes filed the Motion for Leave, seeking to add the three nondiverse parties as defendants. As explained above, the timing of Reyes's Motion for Leave, just days after removal, is suspect and certainly suggests that the purpose of the amendment is to defeat diversity jurisdiction. This factor also militates against allowing amendment.

**Factor 3: Whether Reyes will be significantly injured if amendment is not allowed?** The third *Hensgens* factor concerns whether Reyes would be "significantly injured" if he is not permitted to amend the complaint to add the three proposed defendants. *Hensgens*, 833 F.2d at 1182. In analyzing this factor, district "courts consider whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (quotation omitted). "Courts have found

there to be no prejudice to the plaintiff when the current defendant would be able to satisfy a future judgment." *Id.* (citing *Irigoyen v. State Farm Lloyds,* No. CA–C–03–324–H, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004) (finding no prejudice against the plaintiff in denying joinder because "[t]here is no indication that [the current defendant] will be unable to fully satisfy a future judgment"); *O'Connor v. Auto. Ins. Co.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) ("[T]he Court finds O'Connor will not suffer any serious prejudice if the amendment is denied. There is absolutely nothing to indicate that [the current defendants] would be unable to satisfy a future judgment."). There is no indication that Vanmatre and Renzenberger would be unable to satisfy a judgment against them. Accordingly, I see no prejudice to Reyes in denying leave to amend. The third *Hensgens* factor thus weighs in favor of denying Reyes the opportunity to amend his complaint.

I do realize that some district courts considering the third *Hensgens* factor "analyze whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiff." *Gallegos*, 2009 WL 4730570, at *5 (citation omitted). While there certainly is the possibility that Reyes will attempt to file claims against the proposed defendants in state court, the cost and inconvenience of this additional litigation stems from Reyes's own failure to add these entities as defendants in either his original or amended state court petitions. *See Wren v. Chesapeake Energy Corp.*, No. CV H-15-1847, 2016 WL 29347, at *3 (S.D. Tex. Jan. 4, 2016) (finding that the plaintiff accepted the inconveniences of parallel proceedings in state court when it failed to join the nondiverse defendants initially); *WNWSR, L.L.C. v. Chesapeake Energy Corp.*, No. CV 4:15-1860, 2015 WL 7357840, at *5 (S.D. Tex. Nov. 19, 2015) (same).

**Factor 4: Other equitable factors?** The purpose of the fourth *Hensgens* factor is to assess whether there are "any other factors bearing on the equities." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 769 (5th Cir. 2016) (quotation

9

omitted). "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996). In the instant matter, Reyes does not identify any additional equitable reasons for the opportunity to amend this complaint to add the proposed defendants. This factor is neutral.

***

After carefully considering the *Hensgens* factors, I find that they weigh strongly against allowing Reyes to amend his lawsuit to add three nondiverse defendants. I am suspicious that the purpose of the proposed amended complaint is to defeat diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, the Motion to Leave is **GRANTED** in part and **DENIED** in part. Reyes can amend his complaint to add a gross negligence claim against Vanmatre. Reyes is not permitted to amend his complaint to add the proposed defendants.

SIGNED this 14th day of December 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE